UNITED STATES DISTRICT COURT
EASTERN DISTRIC OF MICHIGAN – SOUTHERN DIVISION

KALI LIST,

    Plaintiff,

Case No.

Hon.

v

DAVISON GAS, LLC and
SUNOCO, INC.,

    Defendants.

| Victor J. Mastromarco, Jr. P34564<br>Kevin J. Kelly P74546<br>**The Mastromarco Firm**<br>**Attorneys for Plaintiff**<br>1024 N. Michigan Ave.<br>Saginaw, MI 48602<br>989-742-1414<br>vmastromarco@mastromarcofirm.com | Thomas R. Bowen P27618<br>**Bowen, Radabaugh & Milton, P.C.**<br>**Attorney for Defendant**<br>4967 Crooks Rd., Ste. 150<br>Troy, MI 48098<br>248-641-8000<br>TRBowen@brmattorneys.com |
|---|---|

## NOTICE OF REMOVAL

NOW COMES the above-named Defendant, Davison Gas, LLC, represented by counsel, Bowen, Radabaugh & Milton, P.C., and files this Notice of Removal. In support of the removal, Defendant states as follows:

    1.    There is now pending in the Genesee County Circuit Court, Case No. 19-113504-NZ, a civil action in which Kali List is the plaintiff.

    2.    The named defendants are Davison Gas, LLC, and Sunoco, Inc.

    3.    This is an action for damages based on an alleged violation of the Americans with Disabilities Civil Rights Act, 42 USC §1281.

    4.    This action involves a federal question as plaintiff's claim is based in part on a violation of the Federal American with Disabilities Act, 42 USC §1281.

    5.    The District Court of the United States has given original jurisdiction of this matter pursuant to 28 USC §1331. Removal of this matter is being sought pursuant to 28 USC §1441(c).

1

6. This notice is being filed with the Court within thirty (30) days of the receipt of this defendant of the initial pleading. This defendant was served with the initial pleading on or about November 12, 2019.

7. This defendant has no information or knowledge as to whether or not the co-defendant, Sunoco, Inc., a foreign corporation, has been served.

8. A true and correct copy of this notice will be filed with the Clerk of the County of Genesee as provided by law.

9. A copy of all pleading served upon defendant Davison Gas, LLC, are being filed with this Notice of Removal.

WHEREFORE, Defendant Davison Gas, LLC, respectfully requests this matter be removed from Genesee County Circuit Court to this Court.

                                          BOWEN, RADABAUGH & MILTON, P.C.

                              By: _s/ Thomas R. Bowen_
                                    Bowen, Radabaugh & Milton, P.C.
                                    Attorney for Defendant Davison Gas, LLC
                                    4967 Crooks Road, Suite 150
                                    Troy, MI 48098
                                    (248) 641-8000
                                    TRBowen@brmattorneys.com
                                    P27618

December 11, 2019

# EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

KALI LIST,

    Plaintiff,

v.

DAVISON GAS, LLC and
SUNOCO, INC.,

    Defendants.
_____/

19-113504

Case No. 19-    -NZ
Hon.

F. KAY BEHM
P-51902

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
_____/


A TRUE COPY
Genesee County Clerk

There is no other pending or resolved civil action arising out of the
transaction or occurrence alleged in this Complaint.

### PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, KALI LIST, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendants, DAVISON GAS, LLC and SUNOCO, INC., stating as follows:

### COMMON ALLEGATIONS

1. That Plaintiff is a resident of the County of Midland, State of Michigan and is otherwise domiciled in the State of Michigan.

2. That Defendant DAVISON GAS, LLC is a domestic limited liability company authorized to conduct business in the State of Michigan and doing so in the County of Genesee, State of Michigan and is otherwise domiciled in the State of Michigan.

[1

3. That Defendant SUNOCO, INC. is a foreign corporation authorized to conduct business in the State of Michigan and doing so in the County of Genesee, State of Michigan and is otherwise domiciled in the State of Texas, where its principal place of business is located.

4. That the amount in controversy exceeds the sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), exclusive of costs, interest, and attorney fees.

5. That Plaintiff utilizes the services of a service dog named Gunner to assist with medical conditions that satisfy the definition of a "disability" under both state and federal law.

6. That on or about March 16, 2019, Plaintiff and her husband were traveling through Genesee County and stopped at a Sunoco gas station located at 1180 S. State Road, Davison, Michigan 48423.

7. That said gas station is operated by Defendants DAVISON GAS, LLC and SUNOCO, INC.

8. That on said date, Plaintiff entered the Sunoco service station while accompanied by her service dog.

9. That when Plaintiff and Gunner passed the check-out counter, the station clerk observed Gunner and stated that the dog needed to go.

10. That Plaintiff and her husband stated that Gunner was a service dog and Plaintiff had the right to have him accompany her in the store.

11. That the station clerk became agitated and angry towards Plaintiff, claiming that she was allergic and demanding Plaintiff and the service dog leave the premises.

12. That Plaintiff continued insisted upon her right to shop in the service station.

13. That as the station clerk became increasingly belligerent towards Plaintiff, the clerk threatened to contact the police.

14. That Plaintiff requested that the clerk do so as she had the right to be accompanied by the service dog and pulled out paperwork demonstrating Plaintiff's ability to have the dog with her.

15. That Defendants refused to provide Plaintiff with the full and equal enjoyment of its services, goods, facilities, and other provisions of the store.

16. That Defendants refused to serve Plaintiff and demanded Plaintiff leave the store.

17. That Plaintiff and her husband subsequently contacted a representative of Defendant SUNOCO, INC. to report the discrimination.

18. That said representative informed Plaintiff and her husband that the local owner of the gas station would be contacting them.

19. That Plaintiff and her husband subsequently received a telephone call from Jim Waldron, owner of Defendant DAVISON GAS, LLC.

20. That during said telephone conversation, Mr. Waldron notified Plaintiff and her husband that he believed the station clerk was in the right.

21. That Plaintiff and her husband proceeded to explain to Mr. Waldron that the clerk violated the law and mentioned reporting the situation to the Department of Justice.

22. That Mr. Waldron told Plaintiff and her husband to "go for it" and hung up the telephone.

23. That Defendants' actions constitute disability discrimination in violation of the Americans with Disabilities Act.

24. That Defendants' actions constitute disability discrimination in violation of the Persons with Disabilities Civil Rights Act.

25. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has

sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

26. That Plaintiff hereby claims any and all remedies available pursuant to 42 U.S.C. § 12188 and 42 U.S.C. § 2000a-3(a).

27. That Plaintiff hereby claims reasonable attorney fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205.

28. That Plaintiff hereby claims any and all damages available pursuant to MCL § 37.1606, including reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT I – DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES CIVIL RIGHTS ACT

29. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 28 of her Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

30. That gas stations, such as the one operated by Defendants, fall within the definition of "public accommodation" as defined by the Americans with Disabilities Act. 42 U.S.C. § 12181(7)(F).

31. That at all times material hereto, Defendants were and are a "public accommodation" as defined by the Act. 42 U.S.C. § 12181(7)(F).

32. That at all times material hereto, Plaintiff had a "disability" as defined by the Act.

4

42 U.S.C. § 12102(1).

33. That at all times material hereto, Plaintiff's service animal, Gunner, constituted a "service animal" as defined by the Act and applicable regulations. 28 C.F.R. § 36.104.

34. That at all times material hereto, Plaintiff's service dog was in the control of Plaintiff and/or her husband.

35. That at all times material hereto, Plaintiff's service dog was housebroken.

36. That Title III of the Americans with Disabilities Act provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12812(a).

37. That a public accommodation must "make reasonable modifications in policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the public accommodation can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations." 28 C.F.R. § 36.302(a).

38. That more specifically, "a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. § 36.302(c)(1).

39. That "[i]ndividuals with disabilities shall be permitted to be accompanied by their service animals in all areas of a place of public accommodation where members of the public, program participants, clients, customers, patrons, or invitees, as relevant, are allowed to go." 28

C.F.R. § 36.302(c)(7).

40. That Defendants denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of its place of public accommodation by refusing to allow Plaintiff to remain on its premises with her service animal.

41. That Defendant's reason for denying Plaintiff those goods, services, privileges, advantages, and/or accommodations of its place of public accommodation is not valid.

42. That the Department of Justice has interpreted its regulations to provide that "[a]llergies and fear of dogs are not valid reasons for denying access or refusing service to people using service animals." *Berardelli v Allied Services Institute of Rehabilitation Medicine*, 900 F3d 104, 125 (CA 3, 2018)(citing U.S. Dep't of Justice, Civil Rights Div., *Service Animals* (July 12, 2011), https://www.ada.gov/service_animals_2010.htm).

43. That Defendants' actions constitute disability discrimination in violation of the Americans with Disabilities Civil Rights Act.

44. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

45. That Plaintiff hereby claims any and all remedies available pursuant to 42 U.S.C. 12188 and 42 U.S.C. 2000a-3(a).

46. That Plaintiff hereby claims reasonable attorney fees, litigation expenses, and costs pursuant to 42 U.S.C. 12205.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in

addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT II – DISABILITY DISCRIMINATION IN VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

47. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 28 of her Common Allegations and paragraphs 29 through 46 of Count I, word for word and paragraph for paragraph, as if fully restated herein.

48. That at all times material hereto, Defendants were "places of public accommodation" as defined by the Persons with Disabilities Civil Rights Act as it is a business whose "goods, services, facilities, privileges, advantages, or accommodations are extended, offered, sold, or otherwise made available to the public." MCL 37.1301(a).

49. That at all times material hereto, Plaintiff had a "disability" as defined by the Act. MCL 37.1103(d)(i)(B).

50. That at all times material hereto, Plaintiff's service animal, Gunner, constituted a "service animal" as defined by the Act and Michigan law. *See Lacaria v Aurora Borealis Motor Inn, Inc*, unpublished opinion per curiam of the Court of Appeals, issued November 8, 2016 (Docket No. 329327); *see also* MCL 750.50a(5)(f); 28 C.F.R. 36.104.

51. That at all times material hereto, Plaintiff's service dog was in the control of Plaintiff and/or her husband.

52. That at all times material hereto, Plaintiff's service dog was housebroken.

53. That Article III of the Persons with Disabilities Civil Rights Act makes it unlawful for a person to "[d]eny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation . . . because of a disability that is unrelated to the individual's ability to utilize and benefit from the goods, services,

7

facilities, privileges, advantages, or accommodations or because of the use by an individual of adaptive devices or aids." MCL 37.1302(a).

54. That the use of a service dog constitutes an "adaptive aid" as used in MCL 37.1302(a). *See Lucaria, supra.*

55. That Defendants denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of its place of public accommodation by refusing to allow Plaintiff to remain on its premises with her service animal.

56. That Defendant's reason for denying Plaintiff those goods, services, privileges, advantages, and/or accommodations of its place of public accommodation is not valid. *See Berardelli*, 900 F3d at 125.

57. That Michigan law also makes it unlawful to willfully and maliciously impede or interfere with or attempt to impede or interfere with the duties performed by a service animal when the person knows or has reason to believe that the service animal is being used by a person with a disability. *See* MCL 750.50a(1)(b).

58. That Defendants' actions constitute disability discrimination in violation of the Persons with Disabilities Civil Rights Act.

59. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

60. That Plaintiff hereby claims any and all damages available pursuant to MCL § 37.1606, including reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in

her favor in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: October 27, 2019      By: _____
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, KALI LIST, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all of the above issues, unless otherwise expressly waived.

Dated: October 21, 2019

By: Respectfully submitted,
THE MASTROMARCO FIRM

VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414